UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAWN WOODWARD,

                Plaintiff,

       -against-                              9:13-cv-1304 (LEK/RFT)

DR. ALI, *et al.*,

                Defendants.

# ORDER

## I. INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on August 5, 2015, by the Honorable Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 85 ("Report-Recommendation"). *Pro se* Plaintiff Shawn Woodward ("Plaintiff") timely filed Objections.[1] Dkt. No. 92 ("Objections").

## II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No.

---

[1] The Court granted Plaintiff two extensions to file objections by September 18, 2015. See Dkt. Nos. 88; 91.

06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

**III. DISCUSSION**

In lengthy Objections, Plaintiff requests that the Court reject the Report-Recommendation in its entirety and grant his partial Motions for summary judgment. Objs. at 63.[2] The Court addresses Plaintiff's Objections in order.

Plaintiff first objects to Judge's Treece's finding that he has not demonstrated a sincerely held religious belief nor shown how the removal of his name from the Ramadan meal list substantially burdened his exercise of religion, and therefore is not entitled to summary judgment on his First Amendment free exercise of religion and RLUIPA claims. Objs. at 29-32. However, Plaintiff has not pointed to any record evidence overlooked by Judge Treece. Specifically, Plaintiff argues that he is entitled to summary judgment because he demonstrated that he is a practicing Muslim by participating in Ramadan and that the practice of his religion was substantially burdened by the deprivation of meals at sunset. Id. at 30, 33. Judge Treece acknowledged these allegations but found they were unsupported by admissible evidence that would entitled Plaintiff to summary judgment. Rep.-Rec. at 10-11 ("Plaintiff's participation in Ramadan does not establish a *per se* sincerely held belief."). Plaintiff's objections to the Report-Recommendation's finding on his

---

[2] The pagination corresponds to the page numbers recorded by Plaintiff.

2

religious claims against Defendants Ali and Martuscello are therefore without merit.

Plaintiff next objects to the section of the Report-Recommendation recommending that the Court deny summary judgment on his retaliation claim against Ali and Martuscello. Objs. at 37. Plaintiff argues that, contrary to Judge Treece's findings, he has shown a connection between a letter he wrote complaining about Ali's treatment of Muslim inmates and his removal from the Ramadan meal list, because of the temporal proximity of the events. See id. at 38-39. Plaintiff further argues that he has shown that Ali was personally involved in removing him from the meal list on account of Defendants' response to an interrogatory in another action that Ali had authority to remove an inmate's name from the Ramadan meal list. Id. at 39-40 (citing Dkt. No. 49-4, Attachment One, ¶ 5). As to Plaintiff's first objection, Plaintiff merely repeats an argument considered by Judge Treece. See Rep.-Rec. at 14. While Plaintiff is correct that temporal proximity between a complaint and disciplinary action may create circumstantial evidence of retaliation, Objs. at 38 (citing Colon v. Coughlin, 58 F.3d 865, 872-73 (2d Cir. 1995)), it does not therefore entitle Plaintiff to summary judgment in his favor. All of Plaintiff's allegations connecting his complaint regarding Ali and his removal from the Ramadan meal list are conclusory and unsupported. See Rep.-Rec. at 13-14. With respect to Plaintiff's second objection, the evidence Plaintiff points to that Ali had authority to remove inmates from the Ramadan meal list does suggest that Ali was personally involved in removing Plaintiff from the list. See Dkt. No. 49-4, Attachment One, ¶ 5. However, Ali's authority to remove inmates from the meal list does not establish that he removed Plaintiff from the meal list. Thus, Ali's personal involvement is a genuine issue of material fact and Judge Treece was correct to deny Plaintiff summary judgment on his retaliation claim against Ali and Martuscello.

Plaintiff next objects to Judge Treece's recommendation that the Court deny summary judgment on his Eighth Amendment claim against Ali and Martuscello. Objs. at 40-41. Plaintiff argues that he was deprived of sufficient meals for two days. Id. at 41-42. However, as Judge Treece correctly states, the assertion that Plaintiff was deprived of sufficient meals for two days does not establish that "the deprivation of food posed an immediate danger to his health." Rep.-Rec. at 17.

Plaintiff next objects to Judge Treece's recommendation that the Court deny summary judgment on his retaliation claim against Defendant Baldwin. Objs. at 44. Plaintiff again does not point to any evidence contradicting Judge Treece's findings. Plaintiff alleges that he wrote a complaint and was subsequently served with a false misbehavior report authored by Baldwin. Id. at 48-49. Plaintiff only cites to the proximity between the events in support of his claim that the report was retaliatory. Id. at 48. Furthermore, Plaintiff does not produce any evidence to refute Judge Treece's finding that the record is devoid of evidence that the report was indeed false. Rep.-Rec. at 15. Therefore, Plaintiff is not entitled to summary judgment on his retaliation claim against Baldwin.

Plaintiff next objects to Judge Treece's findings on his retaliation and due process claims against Defendant Stevenson. Plaintiff's due process claim asserts that he was denied the right to attend his disciplinary hearing, call witnesses, or present evidence. Rep.-Rec. at 17. Plaintiff argues that Judge Treece erred in finding that Plaintiff had not established a protected liberty interest because the record did not show how long Plaintiff was confined in SHU or the conditions Plaintiff faced while confined in SHU. Objs. at 54-55, 60-61. With respect to the length of his confinement in SHU, Plaintiff argues, citing to Hanrahan v. Doling, 331 F.3d 93 (2d Cir. 2003), that his sentence

to four months in SHU is sufficient evidence that he was in fact confined in SHU for four months. Objs. at 54-55. However, Plaintiff's citation to Hanrahan is misguided, as that case was discussing qualified immunity, when it stated that the focus of the inquiry should be on the sentence imposed, and not the time actually served. Hanrahan, 331 F.3d at 98. As the Report-Recommendation correctly states, duration of confinement is significant to determining whether an inmate suffered an "atypical and significant hardship" under Sandin v. Conner, 515 U.S. 472 (1995). Rep.-Rec. at 18 (citing Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000); Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004)). With respect to the conditions of his confinement, Plaintiff does not point any evidence overlooked by Judge Treece, but merely reiterates unsupported allegations and cites to discussion of SHU conditions in Lee v. Coughlin, 26 F. Supp. 2d 615 (S.D.N.Y. 1998). Objs. at 60-61. Plaintiff further argues that Judge Treece erred in finding that Plaintiff had not demonstrated a deprivation of due process in being denied in his attempts to call a witness at his disciplinary hearing. Id. at 57-59. However, a hearing officer may refuse to call witnesses on the basis of irrelevance or lack of necessity, Wolff v. McDonnell, 418 U.S. 539, 566 (1974), and record evidence shows that Plaintiff was denied permission to call a witness because the witness was not present at the time of the incident, Rep.-Rec. at 21. Thus, whether the witness was present or not is an issue of material fact. See Objs. at 58. Plaintiff's retaliation claim asserts that Stevenson prevented him from attending his hearing and falsely filled out a hearing waiver form in retaliation for requesting to call a witness. Rep.-Rec. at 21. However, Plaintiff only supports this claim with conclusory allegations insufficient to warrant summary judgment in his favor. See Objs. at 53-54.

Finally, Plaintiff argues that because Defendants failed to deny Plaintiff's Statement of Material Facts, those facts should be deemed admitted. Objs. at 25-27. However, a party's failure

to oppose a summary judgment motion does not therefore entitle the moving party to summary judgment; rather the district court must determine whether the moving party "has met its burden of demonstrating that no material issue of fact remains for trial." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley, 274 F.3d 677, 680 (2d Cir. 2001)). "[T]he district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." Id. (citing Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003)).

Plaintiff's remaining objections are irrelevant to his Motions for partial summary judgment. The Court has accordingly reviewed the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 85) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motions (Dkt. Nos. 49; 60) for partial summary judgment are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 29, 2015
Albany, NY

Lawrence E. Kahn
U.S. District Judge