**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SHAWN WOODWARD,

                            Plaintiff,

- v -                                      Civ. No. 9:13-CV-1304
                                                               (LEK/DJS)

DR. ALI, *Muslim Chaplin, Coxsackie Correctional Facility*;
DANIEL F. MARTUSCELLO, *Superintendent, Coxsackie*
*Correctional Facility*; LAW, *C.O.*; BALDWIN, *C.O.*; and
STEVENSON, *C.O.*,

                            Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      Presently pending is *pro se* Plaintiff Shawn Woodward's "Request to Lift Stay (Dkt. # 127) Joint Motion to Compel Discovry [sic], Impose Sanction on Non-Party Members and for Leave to Appeal to the Second Circuit for Interlocutory Decisions."  Dkt. No. 142.  Defendants have responded to the Motion through a letter from their counsel.  Dkt. No. 149, Letter from Joshua E. McMahon, dated September 29, 2017.  For the reasons set forth herein, Plaintiff's Motions for the lifting of a stay, to compel discovery and for sanctions are **Denied.**  It is also recommended that Plaintiff's Motion for leave to file an interlocutory appeal be **Denied**.

### I.  PRIOR COURT ORDERS NOT TO FILE MOTIONS

      By Order dated April 29, 2015, Magistrate Judge Randolph F. Treece ordered Plaintiff to "cease and desist in filing any further nondispostive motion."  Dkt. No. 73, p. 2.  That direction was restated to Plaintiff in a November 18, 2016 Decision and Order from the undersigned in which he was advised that "he must write to the Court and receive permission **prior to filing any further**

**non-dispositive motion in this case**." Dkt. No. 116, p. 3 (emphasis in original). Despite these Orders, Plaintiff filed this Motion without prior leave of the Court. That failure is sufficient basis for denial of this motion. *See Walton v. Goham*, 1996 WL 521433, at *2 (S.D.N.Y. Sept. 12, 1996) ("Failure to comply strictly with the terms of this injunction will be sufficient grounds for summarily denying leave to file.").

Plaintiff is reminded that he must receive Court permission to file further any non-dispositive motions in this case. The Clerk of the Court shall strike from the Docket any further non-dispositive motions submitted by Plaintiff without Court permission.

## II. MERITS OF PLAINTIFF'S MOTIONS

As noted, Defendants have filed a response to the Motion. Although Plaintiff's failure to comply with this Court's previous Orders is a sufficient basis to deny the Motions, the Court will nonetheless also address the merits of the Motions. Even considered on the merits, Plaintiff's individual applications should be denied.

### A. Request to Lift Stay

This case was previously referred to the Prisoner Mediation Program and a stay of proceedings was entered. Dkt. No. 127. Plaintiff now moves to lift that stay. Dkt. No. 142, ¶¶ 1-6. However, the stay was lifted on May 15, 2017 following a mediation session that did not result in a settlement. Dkt. No. 138. As a result, this Motion is denied as moot.

### B. Motion to Compel

Though identified by Plaintiff as a Motion to Compel, this application solely addresses prior discovery orders rather than any new discovery disputes between the parties and so is more properly characterized as a Motion for Reconsideration of the prior orders. Under the Northern District's

Local Rules "a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree." N.D.N.Y.L.R. 7.1(g). The Orders to which Plaintiff now objects were decided in June 2015, November 2016, and February 2017. Dkt. Nos. 79, 116, & 122. This Motion was not filed until June 2017 and thus is clearly untimely. The failure to timely file a motion for reconsideration is one basis on which to deny the motion. *Lyman v. City of Albany*, 597 F. Supp. 2d 301, 311 (N.D.N.Y. 2009). Even were the Court to consider the merits of the untimely Motion, it would be denied.

> A strict standard governs motions for reconsideration. They "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). The burden on a party moving for reconsideration of an order is thus substantial. *Toland v. Walsh*, 2008 WL 657247, at *1 (N.D.N.Y. Mar. 7, 2008). There are only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Shannon v. Verizon New York, Inc.*, 519 F.Supp.2d 304, 307 (N.D.N.Y.2007) (*citing Doe v. New York City Dept. of Social Servs.*, 709 F.2d 782, 789 (2d Cir.1983)).

*Id.* Nothing in Plaintiff's Motion meets this "substantial" burden.

With respect to Judge Treece's denial of the applications for subpoenas, the Motion was denied based on Plaintiff's failure to supply an articulated basis for the subpoenas. Dkt. No. 79, p. 2. The present Motion does not allege an intervening change in law, the availability of previously unavailable information or a clear error on Judge Treece's part and instead seeks now to offer the relevancy of the subpoenas. This represents no basis for reconsidering a two year old decision.

Docket Numbers 116 and 122 related to Plaintiff's attempt to obtain information from personnel files of Defendants and a copy of a particular inmate misbehavior report concerning a third

party. After *in camera* review, the Court ordered that certain documents be provided to Plaintiff if and when he is appointed counsel. Dkt. No. 122, p. 2. Plaintiff now objects that the Court should not have ordered *in camera* review because Defendants failed to articulate an appropriate claim of privilege. Dkt. No. 142, ¶ 15. The record, in fact, reflects that a claim of privilege was raised by Defendants, Dkt. No. 108, ¶¶ 35-36, and so Plaintiff's Motion is denied.

Plaintiff additionally objects to the failure to direct production of certain documents from those personnel files directly to him. Dkt. No. 142, ¶ 15. Specifically, he claims that there has been no showing of a potential for harm if these documents are provided directly to Plaintiff. *Id.* The Court's Order that material from the personnel file would not be provided directly to Plaintiff is consistent with longstanding practice in the Northern District of New York and serves important security interests. *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 129 (N.D.N.Y. 1984). There is no clear error of law in this procedure and the Motion is denied.

### C. Motion to Impose Sanctions on Non-Party Members

Plaintiff's claims in this litigation relate to events at Coxsackie Correctional Facility. Dkt. No. 142, ¶ 1. The next part of the pending Motion relates to his alleged treatment by four unnamed corrections officers and one inmate while he was temporarily housed at Greene Correctional Facility awaiting a court appearance. *Id.* at ¶¶ 16-25. Specifically, he alleges that he was assaulted and certain legal papers and religious materials were confiscated and never returned to him. *Id.* at ¶¶ 20-21. These allegations do not relate to the facts of this litigation nor do they concern the Defendants in this case. Given that the claims asserted in this Motion relate to non-parties, most of whom are identified simply as "John Does," the Court lacks jurisdiction to impose sanctions.

D. Motion for Leave to Appeal[1]

Finally, Plaintiff seeks leave to file an interlocutory appeal of prior discovery orders under 28 U.S.C. § 1292(b) to the Second Circuit Court of Appeals. Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"District courts have substantial discretion in deciding whether to certify a question for interlocutory appeal." *Marriott v. County of Montgomery*, 426 F.Supp.2d 1, 13 (N.D.N.Y.2006) (citations omitted).

"In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *Primavera Familienstifung v. Askin*, 139 F.Supp.2d 567, 570 (S.D.N.Y.2001) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24–25 (2d Cir.1990)).

Plaintiff's Motion makes a purely conclusory assertion that the issues he wishes to raise on appeal present a controlling question of law, but he has not articulated how or why that is so

---

[1] An application for leave under 28 U.S.C. § 1292(b) is a dispositive motion as to which, absent consent of the parties, this Court lacks authority to issue a final decision. *See Bishop v. Cty. of Suffolk*, 2015 WL 5719802, at *1, n. 1 (E.D.N.Y. Sept. 29, 2015) (citing authorities). This portion of the Court's Opinion therefore constitutes a Report and Recommendation.

in any way. The prior discovery rulings, discussed above, even if reversed would not result in a judgment in Plaintiff's favor as they concern purely non-dispositive issues. Plaintiff has failed to offer any basis on which to find that they could "significantly affect the conduct of the action" or that the issues presented would have any significant precedential value. As such, the Court recommends that the request to certify the matter for interlocutory appeal be denied.

### III. CONCLUSION

For the reasons set forth herein, it is hereby

**ORDERED**, that the Plaintiff's Motions to lift a stay, to compel discovery, and for sanctions against non-parties be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court strike any further non-dispositive motions filed by Plaintiff without Court permission; and it is

**RECOMMENDED**, that plaintiff's Motion for leave to appeal to the Second Circuit Court of Appeals be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  January 25, 2018
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge