**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SHAWN WOODWARD,

                         Plaintiff,

   - v -                                              Civ. No. 9:13-CV-1304
                                                                              (DJS)

DR. ALI, *Muslim Chaplain; Coxsackie Correctional Facility*; DANIEL F. MARTUSCELLO, *Superintendent Coxsackie Correctional Facility*; LAW, *C.O.*; C.O. BALDWIN; and STEVENSON, *C.O.*,

                        Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SHAWN WOODWARD<br>Plaintiff, *Pro Se*<br>00-A-6563<br>Franklin Correctional Facility<br>P.O. Box 10<br>Malone, New York 12953 | |
| HON. LETITIA JAMES<br>Attorney General of the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224 | JOSHUA E. McMAHON, ESQ.<br>Assistant Attorney General |

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER

      This case is scheduled for trial beginning on July 22, 2019. See Text Min. Entry, May 5, 2019. On March 18, 2019, the matter was referred to the undersigned for all further proceedings on the consent of the parties pursuant to 28 U.S.C. § 636(c). Dkt. No. 190. Plaintiff has now written to the Court seeking to withdraw that consent. Dkt. No. 197 at p. 1;

*see also* Dkt. No. 194. The authority to vacate the referral under section 636(c) lies with the District Court. FED. R. CIV. P. 73(b)(3); *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984). The Court, therefore, issues this Report-Recommendation to District Court Judge David N. Hurd, *see* Dkt. No. 182, and recommends that Plaintiff's request to vacate the referral be denied.

"Litigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge." *Savoca v. United States*, 199 F. Supp. 3d 716, 720 (S.D.N.Y. 2016) (quoting *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 2011 WL 70593, at *2 (S.D.N.Y. Jan. 10, 2011)). The law is clear that "a party may withdraw its consent to proceed before a magistrate judge only upon a showing of 'extraordinary circumstances.'" *Tall v. Time is Always Now, Inc.*, 1999 WL 1129062, at *1 (S.D.N.Y. Dec. 8, 1999) (citing cases); *see also Watson v. Arts & Entm't Television Network*, 2006 WL 2053189, at *3 (S.D.N.Y. July 21, 2006) (same); *see also* FED. R. CIV. P. 73(b)(3).

The sole basis for Plaintiff's request appears to be his desire to have the matter proceed as a bench trial, rather than as a trial before a jury. Dkt. Nos. 194 & 197. Plaintiff alleges that having the matter tried before a jury "is not something previously agreed by party members and definitely not something previously mentioned by me." Dkt. No. 194. Plaintiff, therefore, seeks to either have the matter proceed as a bench trial before the undersigned or to withdraw his consent under section 636(c). Dkt. Nos. 194 & 197. The Court notes that Defendants demanded a jury trial in this case when they filed an Answer in December 2014. Dkt. No. 45. While the issue of proceeding without a jury has apparently been raised previously, *see* Dkt. No. 174, Defendants have never withdrawn their jury demand in this case.

2

The facts presently before the Court do not establish the extraordinary circumstances sufficient to permit Plaintiff to withdraw his consent at this late juncture. When Plaintiff notified the District Court of his consent to proceed before a Magistrate Judge he was aware that the matter was scheduled for a jury trial. Dkt. Nos. 174 & 189. He, in fact, had submitted proposed jury instructions. Dkt. No. 179. Plaintiff's letter to Judge Hurd advising of his consent to the Magistrate Judge made no reference to a bench trial. Dkt. No. 189. Plaintiff's contention that he was surprised to learn the upcoming trial would be before a jury, therefore, is not well founded.

The "extraordinary circumstances" standard is difficult to satisfy. *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 2011 WL 70593, at *3 (S.D.N.Y. Jan. 10, 2011). "This high standard of proof prevents gamesmanship." *Savoca v. United States*, 199 F. Supp. 3d at 721 (citing *Washington v. Kellwood Co.*, 2015 WL 8073746, at *1 (S.D.N.Y. Dec. 4, 2015)). Plaintiff's apparent displeasure that this matter is scheduled for a jury trial is no basis for vacating his previously granted consent. *See Washington v. Kellwood Co.*, 2015 WL 8073746, at *1 ("When a party comes to rue an adverse ruling, []he cannot simply return to the district judge. The magistrate judge's authority is binding.").

The Court notes that even were the referral vacated, Defendants' jury demand remains and any trial before Judge Hurd would, absent some additional action by Defendants, be before a jury. As such, permitting the vacatur would not change the manner of trial and would improperly encourage judge shopping. *Id.* at *2.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's motion to vacate the consent to proceed before the

3

Magistrate Judge (Dkt. No. 197) be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[1] **WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: June 7, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).